AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____  CENTRAL DISTRICT OF CALIFORNIA

FILED JAN 29 2008 / 1-29-08

UNITED STATES OF AMERICA

V.

~~Leo Sarabia a/k/a~~ Luis Durcal
_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case Number: ~~5:08mj2~~ CR 97-00652 DDP

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
    - ☐ under 18 U.S.C. § 924(c).
- ☑ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Detention is presumed reasonable. Defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The initial crime Defendant was convicted of in 1998 involved mail fraud and submitting a false tax return. There was testimony presented at the detention hearing that Defendant committed new fraud-type activity while on supervised release. From December 2001 to May 2002, while he was on supervised release, Defendant was not in contact with his supervising officer. There was also testimony that Defendant has given false information to his probation officer, including information about where he is living.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is being supervised by a probation officer in California. Officer Sampson has provided documents to Jansen Kitchens for his review. Mr. Kitchens believes Defendant is a flight risk because Defendant failed to appear at a court hearing and a bench warrant was ssued. There was also testimony that Defendant has several known aliases. Defendant could try to conceal his true identity. Defendant has no known family ties or verifiable residence in California, and there is a question as to if Defendant even has the funds to travel to California.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

1/23/2008
_Date_

_Signature of Judge_

U.S. Magistrate Judge Caroline M. Craven
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

